SINGLETON v. STATE.

(Court of Criminal Appeals of Texas. March 12, 1913.)

1. CRIMINAL LAW (§ 1090*)—APPEAL—BILLS OF EXCEPTION—NECESSITY.

The overruling of an application for a continuance in a criminal case cannot be reviewed, in the absence of a bill of exceptions.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2815, 2816, 2818, 2819, 2823, 2824, 2828–2833, 2843, 2931–2933, 2943; Dec. Dig. § 1090.*]

2. CRIMINAL LAW (§ 1097*)—APPEAL—STATEMENT OF FACTS—NECESSITY.

Whether the verdict in a criminal case is contrary to the law and evidence cannot be determined, in the absence of a statement of facts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2862, 2864, 2926, 2934, 2938, 2939, 2941, 2942, 2947; Dec. Dig. § 1097.*]

Appeal from District Court, Sabine County; W. B. Powell, Judge.

Burber Singleton was convicted of assault with intent to murder, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of assault to murder, and his punishment as-

sessed at two years' confinement in the penitentiary.

[1, 2] There are but two grounds in the motion for new trial; one complaining of the action of the court in overruling his application for a continuance. As the record contains no bill of exceptions, this is not presented in a way we can review the action of the court. The other alleges that the verdict is contrary to the law and the evidence. As the record contains no statement of facts, neither can we review this ground.

The judgment is affirmed.